MARY EILEEN KILBANE, P.J.:
 

 {¶ 1} Defendant-appellant, Jason Grabowski ("Grabowski"), appeals the trial court's denial of his motion to withdraw his no contest plea. For the reasons set forth below, we reverse and remand.
 

 {¶ 2} Grabowski and his girlfriend, Janice Malishefski ("Malishefski") were both charged with one count of first-degree misdemeanor assault in Garfield Heights Municipal Court. These assault charges stemmed from an alleged physical confrontation between Grabowski and Malishefski over a text message Grabowski received, which Malishefski thought was from another woman. They each made separate 911 calls to report the other for assault.
 

 {¶ 3} On April 4, 2016, Grabowski, without the benefit of counsel, entered a no contest plea to an amended charge of disorderly conduct, a fourth-degree misdemeanor. On the same day, he was sentenced to 30 days in jail, which the court suspended, fined $150, assessed court costs, and was placed on one year of inactive probation.
 

 {¶ 4} On April 29, 2016, Grabowski filed a motion to vacate or withdraw his no contest plea and sentence under Crim.R. 32.1. The trial court ordered briefing on Grabowski's motion and scheduled a hearing. The court held a hearing and denied Grabowski's motion.
 

 {¶ 5} It is from this judgment that Grabowski now appeals, raising the following assignment of error for review.
 

 Assignment of Error
 

 The trial court abused its discretion in failing to correct a manifest injustice by denying [Grabowski's] motion to withdraw his formerly entered [no contest] plea.
 

 {¶ 6} In May 2017, we sua sponte ordered the parties to address the issue of the trial court's acceptance of Grabowski's no contest plea without first advising him of his right to counsel and obtaining his waiver of counsel. In the supplemental brief on this issue, Grabowski raises the following additional assignment of error:
 

 Supplemental Assignment of Error
 

 The trial court erred to the prejudice of [Grabowski] in accepting his plea of [no contest] prior to advising him of his right to counsel so that his [no contest] plea was not knowing, intelligent and voluntary.
 

 {¶ 7} We will first consider Grabowski's supplemental assignment of error because we find it dispositive of this appeal. While the parties were ordered to brief the issue of the trial court's failure to advise Grabowski of his right to counsel prior to accepting his no contest plea, both of the parties addressed whether the trial court
 complied with Crim.R. 11(E). We also note that Grabowski did not directly appeal his conviction and sentence, but rather filed a postsentence motion to withdraw his plea with the trial court within the time frame that he could have filed a direct appeal.
 

 {¶ 8} In this supplemental assignment of error, Grabowski argues the trial court erred in failing to advise him of his right to counsel prior to taking his uncounseled plea. Grabowski also argues that "there was not * * * substantial compliance with the requirements of [ Crim.R. 11 ]" and "it appears there was no compliance [with Crim.R. 11 ] at all" when the trial court accepted his plea. We agree that the trial court erred in accepting his uncounseled no contest plea without first advising him of his right to counsel and obtaining his written waiver of counsel on the record. We also find that his plea is invalid because the trial court failed to advise him of the effect of his no contest plea as required by Crim.R. 11(E).
 
 [1]
 

 {¶ 9} Crim.R. 32.1 provides that "to correct manifest injustice[,] the court may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." A "manifest injustice" is defined as a clear or openly unjust act.
 
 State ex rel. Schneider v. Kreiner
 
 ,
 
 83 Ohio St.3d 203
 
 , 208,
 
 699 N.E.2d 83
 
 (1998). We review a trial court's denial of a postsentence motion to withdraw a plea under an abuse of discretion standard.
 
 State v. Alford
 
 , 8th Dist. Cuyahoga No. 93911,
 
 2010-Ohio-4130
 
 ,
 
 2010 WL 3442398
 
 , ¶ 11.
 

 {¶ 10} It is undisputed that Grabowski's fourth-degree disorderly conduct conviction is a petty offense. The Ohio Supreme Court has clarified that before accepting a plea to a petty misdemeanor offense under Crim.R. 11(E), the trial judge must inform the defendant of the information contained in Crim.R. 11(B)(2).
 
 State v. Watkins
 
 ,
 
 99 Ohio St.3d 12
 
 ,
 
 2003-Ohio-2419
 
 ,
 
 788 N.E.2d 635
 
 , ¶ 27-28.
 

 {¶ 11} Ohio Crim.R. 11(E) sets forth the requisite notice to be given to a defendant at a plea hearing on a petty offense. It provides that
 

 [i]n misdemeanor cases involving petty offenses[,] the court may refuse to accept a plea of guilty or no contest, and
 
 shall not
 
 accept such a plea without first informing the defendant of the effect of the pleas of guilty, no contest, and not guilty.
 

 The counsel provisions of Crim.R. 44(B) and (C) apply to division (E) of this rule.
 

 (Emphasis added.)
 

 Id.
 

 {¶ 12} Crim.R. 11(B)(2) defines the effect of a no contest plea as follows:
 

 The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding.
 

 {¶ 13} This court has previously held that a trial court's failure to make any mention of the language of Crim.R. 11(B)(2) regarding the effect of a no contest
 plea to a petty misdemeanor offense is a complete failure to comply with Crim.R. 11(E), requiring the plea to be vacated.
 
 Parma v. Buckwald
 
 , 8th Dist. Cuyahoga Nos. 92354 and 92356,
 
 2009-Ohio-4032
 
 ,
 
 2009 WL 2462626
 
 , ¶ 45-46. We reached this conclusion based on the Ohio Supreme Court's holding in
 
 State v. Clark
 
 ,
 
 119 Ohio St.3d 239
 
 ,
 
 2008-Ohio-3748
 
 ,
 
 893 N.E.2d 462
 
 .
 

 {¶ 14} In
 
 Clark
 
 , the Ohio Supreme Court instructed that
 

 [w]hen the trial judge does not substantially comply with Crim.R. 11 in regard to a nonconstitutional right, reviewing courts must determine whether the trial court
 
 partially
 
 complied or
 
 failed
 
 to comply with the rule. If the trial judge partially complied, e.g., by mentioning mandatory postrelease control without explaining it, the plea may be vacated only if the defendant demonstrates a prejudicial effect. * * * The test for prejudice is "whether the plea would have otherwise been made." * * * If the trial judge completely failed to comply with the rule, e.g., by not informing the defendant of a mandatory period of postrelease control, the plea must be vacated. * * * "A complete failure to comply with the rule does not implicate an analysis of prejudice."
 

 (Internal citations omitted.)
 
 Id.
 
 at ¶ 32.
 

 {¶ 15} Here, the record reveals that neither the magistrate nor the plea forms made any mention of the effect of Grabowski's no contest plea as required by Crim.R. 11(E).
 
 [2]
 
 The forms executed by Grabowski without the benefit of counsel at his arraignment and at his plea hearing do not contain the language of Crim.R. 11(B)(2) and do not mention the effect of his no contest plea. Moreover, at Grabowski's plea hearing, the magistrate did not make a finding of guilt, but rather treated Grabowski's no contest plea as if it were a guilty plea and proceeded directly to sentencing. Because the trial court failed to comply with Crim.R. 11(E) as it applies to Grabowski's no contest plea, a prejudice analysis is not necessary.
 
 Clark
 
 at ¶ 32 ;
 
 Buckwald
 
 at ¶ 45.
 

 {¶ 16} Accordingly, Grabowski's plea must be vacated.
 

 {¶ 17} Additionally, the record does not affirmatively demonstrate that the court obtained a valid waiver of Grabowski's right to counsel prior to accepting his no contest plea.
 

 {¶ 18} Crim.R. 44 governs appointment of counsel. It provides, in relevant part:
 

 (B) Counsel in petty offenses. Where a defendant charged with a petty offense is unable to obtain counsel, the court may assign counsel to represent him. When a defendant charged with a petty offense is unable to obtain counsel,
 
 no sentence of confinement may be imposed upon him, unless after being fully advised by the court, he knowingly, intelligently, and voluntarily waives assignment of counsel.
 

 (C) Waiver of counsel.
 
 Waiver of counsel shall be in open court
 
 and the advice and waiver shall be recorded as provided in Rule 22. In addition, in serious offense cases the waiver shall be in writing.
 

 (Emphasis added.)
 

 Id.
 

 {¶ 19} We have held that "[t]he requirements of the Criminal Rules are mandatory;
 
 all waivers of counsel must be made in open court and must be recorded.
 
 " (Emphasis added.)
 

 Garfield Hts. v. Brewer
 
 ,
 
 17 Ohio App.3d 216
 
 , 217,
 
 479 N.E.2d 309
 
 (8th Dist.1984), citing
 
 State v. Haag
 
 ,
 
 49 Ohio App.2d 268
 
 , 270,
 
 360 N.E.2d 756
 
 (9th Dist.1976). "[C]ourts indulge every reasonable presumption against a waiver of fundamental constitutional rights[;] * * * that waiver must affirmatively appear on the record." (Internal citations omitted.)
 
 Brewer.
 
 The burden is on the city to demonstrate a valid waiver of constitutional rights.
 
 Id.
 
 at 218,
 
 479 N.E.2d 309
 
 , citing
 
 Boykin v. Alabama
 
 ,
 
 395 U.S. 238
 
 , 242,
 
 89 S.Ct. 1709
 
 ,
 
 23 L.Ed.2d 274
 
 (1969).
 

 {¶ 20} We note that the right to counsel attaches at all "critical stages" of the criminal process.
 
 Columbus v. Abrahamson
 
 , 10th Dist. Franklin No. 13AP-1077,
 
 2014-Ohio-3930
 
 ,
 
 2014 WL 4460270
 
 , ¶ 5. A plea hearing is a critical stage of the criminal process at which the right to counsel applies.
 

 Id.
 

 " 'The entry of a guilty plea, whether to a misdemeanor or a felony charge, ranks as a 'critical stage' at which the right to counsel adheres.' "
 

 Id.
 

 , quoting
 
 Iowa v. Tovar
 
 ,
 
 541 U.S. 77
 
 , 81,
 
 124 S.Ct. 1379
 
 ,
 
 158 L.Ed.2d 209
 
 (2004). To establish an effective waiver of the right to counsel, the trial court must make a sufficient inquiry to determine whether the defendant fully understands and intelligently relinquishes that right.
 
 Garfield Hts. v. Williams
 
 , 8th Dist. Cuyahoga No. 102279,
 
 2016-Ohio-381
 
 ,
 
 2016 WL 529667
 
 , ¶ 11, citing
 
 State v. Gibson
 
 ,
 
 45 Ohio St.2d 366
 
 ,
 
 345 N.E.2d 399
 
 (1976), paragraph two of the syllabus.
 

 {¶ 21} A review of the record reveals that it was not until
 
 after
 
 Grabowski entered his no contest plea that the magistrate attempted to attain Grabowski's waiver of counsel.
 

 THE COURT: All right. Having said all that, Mr. Grabowski, how do you want to plea to the amended charge of disorderly conduct, a misdemeanor of the fourth degree?
 

 [GRABOWSKI]: No contest, your Honor.
 

 * * *
 

 THE COURT: All right. I'm handing you guys [referring to Grabowski and Malishefski] a plea form _ or a change of plea form, I should say. And it basically says you're changing your plea to no contest, that you're a United States Citizen.
 

 [GRABOWSKI]: Yes.
 

 THE COURT: You waive your right to be represented by a lawyer, and consent to me hearing it instead of the judge. Okay? Excuse me. This is for [Grabowski]. And this is for [Malishefski]. You both want to sign that. It's just one page, front of the _ or front of the page only, you sign. Thank you, sir.
 

 [GRABOWSKI]: Sure.
 

 Here, Grabowski was initially given the incorrect change of plea form and was not provided with the form the court uses for pleas taken by a magistrate until after he made his plea. The change of plea and waiver of rights form that Grabowski signed on the magistrate's instruction did contain a waiver of his right to counsel, but it is clear from the record that this form was not executed until after he had made his plea.
 

 {¶ 22} Accordingly, the magistrate violated Grabowski's right to counsel by proceeding with his plea hearing prior to obtaining his waiver of counsel on the record. Therefore, the imposition of the 30-day suspended jail sentence was in violation of Crim.R. 44(B).
 

 {¶ 23} We do not find that Grabowski knowingly, voluntarily, and intelligently entered his no contest plea in light of the court's failure to advise him of the effect of his plea and to make sufficient inquiry into whether he knowingly, voluntarily, and intelligently
 waived his right to counsel prior to accepting his plea.
 

 {¶ 24} Grabowski's supplemental assignment of error is sustained.
 

 {¶ 25} In light of our finding as to Grabowski's supplemental assignment of error, we overrule his first assignment error as moot. App.R. 12(A)(1)(c).
 

 {¶ 26} Judgment is reversed and the case is remanded with instructions to vacate Grabowski's plea.
 

 MARY J. BOYLE, J., CONCURS;
 

 SEAN C. GALLAGHER, J., DISSENTS (SEE SEPARATE DISSENTING OPINION)
 

 Although Grabowski arguably could have raised the magistrate's failures to advise him of the effect of his plea and his right to counsel on direct appeal, these failures are not mere procedural deficiencies, but directly relate to whether his plea was knowingly, voluntarily, and intelligently made.
 

 We have previously held that a trial court abuses its discretion and commits reversible error in denying a defendant's motion to withdraw his petty misdeameanor no contest plea where he did not file a direct appeal, but the record of the plea hearing shows that the defendant was not advised of the effect of his plea.
 
 Solon v. Bollin-Booth
 
 , 8th Dist. Cuyahoga No. 97099,
 
 2012-Ohio-815
 
 ,
 
 2012 WL 691406
 
 .
 

 Crim.R. 19 authorizes magistrates to accept and enter no contest pleas in misdemeanor cases, provided the requirements of Crim.R. 11 are met.
 
 Bollin-Booth
 
 , 8th Dist. Cuyahoga No. 97099,
 
 2012-Ohio-815
 
 ,
 
 2012 WL 691406
 
 , ¶ 20.