[Cite as *State v. Clay*, 2022-Ohio-631.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MIAMI COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2021-CA-21 |
| | : | |
| v. | : | Trial Court Case No. 2021-CRB-1237 |
| | : | |
| DEANDRE L. CLAY | : | (Criminal Appeal from Municipal Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 4th day of March, 2022.

. . . . . . . . . . .

FRANK J. PATRIZIO, Atty. Reg. No. 0055468, City of Piqua Prosecuting Attorney, 123 Market Street, P.O. Box 910, Piqua, Ohio 45356
      Attorney for Plaintiff-Appellee

CHARLES M. BLUE, Atty. Reg. No. 0074329, 401 East Stroop Road, Kettering, Ohio 45429
      Attorney for Defendant-Appellant

. . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Defendant-appellant Deandre L. Clay appeals from his conviction, following a no contest plea, for misdemeanor domestic violence. Clay asserts that his no contest plea was not knowingly, intelligently, and voluntarily entered. For the reasons outlined below, Clay's judgment of conviction will be reversed, and this matter will be remanded to the trial court for further proceedings.

## I. Facts and Procedural Background

{¶ 2} On March 20, 2021, a complaint was filed in the Miami County Municipal Court charging Clay with one count of domestic violence in violation of R.C. 2919.25(A), a felony of the fourth degree. Following plea negotiations, the charge was dismissed and re-filed as a first-degree misdemeanor offense.

{¶ 3} On April 28, 2021, a plea hearing was conducted. At that time, Clay entered a plea of no contest to the charge. The trial court accepted the plea and found Clay guilty. The trial court ordered a presentence investigation report and set the matter for sentencing.

{¶ 4} The sentencing hearing was conducted on June 23, 2021. The trial court sentenced Clay to a jail term of 180 days and imposed court costs. The court ordered the jail sentence to commence immediately. Clay then interjected and asked, "I'm going to jail right now?" Tr. p. 4. When the trial court answered affirmatively, Clay asked for a continuance. The trial court denied the request, at which point Clay indicated he had not been informed he was subject to incarceration. The trial court informed Clay that he could speak to his counsel about his concerns. The court then remanded Clay to jail.

**{¶ 5}** Clay appeals.

## II.    Analysis

**{¶ 6}** Clay asserts the following as his sole assignment of error:

THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT

BY ACCEPTING A GUILTY PLEA [SIC] WHICH WAS NOT KNOWING,

INTELLIGENT, AND VOLUNTARY IN VIOLATION OF APPELLANT'S DUE

PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH

AMENDMENTS TO THE UNITED STATE [SIC] CONSITUTION [SIC] AND

ARTICLE I, SECTION 16, OF THE OHIO CONSTITUTION.

**{¶ 7}** Clay contends he did not knowingly, intelligently, and voluntarily enter his no contest plea because the trial court failed to inform him of the effect of his plea.[1]

**{¶ 8}** "Ohio's Crim.R. 11 outlines the procedures that trial courts are to follow when accepting pleas."  *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, ¶ 11.   Those procedures vary based on whether the offense involved is a misdemeanor that is a petty offense, a misdemeanor that is a serious offense, or a felony.  *State v. Howard*, 2d Dist. Montgomery No. 27941, 2018-Ohio-5160, ¶ 17, citing *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, ¶ 11. (Other citation omitted.)   A "serious offense" is "any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months."  *Howard*, citing Crim.R. 2(C). "A 'petty offense' is 'a misdemeanor other than a serious offense.' "  *Id.*, citing Crim.R.

[1] Although Clay has served his jail sentence, this appeal is not moot as he sought a stay of the judgment's execution.   Further, Clay has not paid the court costs imposed by the trial court.

2(D).

{¶ 9} It is undisputed that Clay was charged with a misdemeanor involving a petty offense. Thus, Crim.R. 11(E) governs the trial court's acceptance of Clay's no contest plea. For a petty offense misdemeanor, Crim.R. 11(E) only requires the trial court to inform the defendant of the effect of the plea that is entered. *Jones* at ¶ 14, 20. "[T]o satisfy the requirement of informing a defendant of the effect of a plea, a trial court must [so] inform the defendant [using] the appropriate language under Crim.R. 11(B)." *Id.* at ¶ 25. Crim.R. 11(B)(2) sets forth the effect of a no contest plea and provides that a "plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding." Although Crim.R. 11(E) does not require the trial court to engage in a lengthy inquiry when a plea is accepted to a misdemeanor charge involving a petty offense, the rule does require that the trial court, either orally or in writing, inform the defendant of the effect of a no contest plea using the required Crim.R. 11(B) language. *Jones* at ¶ 51; *State v. Tharp*, 2d Dist. Montgomery No. 28616, 2020-Ohio-4329, ¶ 9.

{¶ 10} The record of the plea hearing establishes that the trial court did not inform Clay of the effect of the no contest plea using the appropriate language. Nor does the written plea form contain the appropriate language.[2] The State does not claim the trial court complied with Crim.R. 11(B)(2). Instead, the State asserts that the failure to make

---

[2] Although the plea form does indicate Clay "acknowledge(s)" and "understands" "the difference between the pleas of guilty, not guilty and no contest[,]" the form later defines guilty pleas as "admit the charge(s)" and defines no contest pleas as "do not contest the charge(s)." It does not set forth the Crim.R. 11(B)(2) language.

the disclosure does not require a reversal of Clay's conviction because he has failed to demonstrate prejudice.

{¶ 11} A trial court's failure "to make any mention of the language contained in Crim.R. 11(B)(2) regarding the effect of a no contest plea to a petty misdemeanor offense is a complete failure to comply with Crim.R. 11(E)[.]" (Citation omitted.) *City of Brecksville v. Grabowski,* 2017-Ohio-7885, 98 N.E.3d 919, ¶ 13 (8th Dist.). Therefore, "a prejudice analysis is not necessary," and the plea must be vacated. (Citations omitted.) *Id.* at ¶ 15. *Accord State v. Lacy*, 2d Dist. Greene No. 2001-CA-130, 2002 WL 538912, *1 (Apr. 12, 2002); *State v. Veite*, 1st Dist. Hamilton No. C-190339, 2021-Ohio-290, ¶ 17; *City of Maple Heights v. Mohammad*, 8th Dist. Cuyahoga No. 108060, 2019-Ohio-4577, ¶ 16. Because the trial court in this case completely failed to advise Clay of the effect of his no contest plea, the plea must be vacated.[3]

{¶ 12} Clay's sole assignment of error is sustained.


### III.   Conclusion

{¶ 13}  The judgment of the Miami County Municipal Court is reversed, and this matter is remanded to the trial court.

---

[3] It could be argued that the plea form's no contest explanation constituted some compliance with Crim.R. 11(B)(2), triggering a prejudice analysis. However, such an argument, if made, would have been rejected. There are "three points of information" in the Crim.R. 11(B)(2) no contest advisement. These are: (1) a no contest plea is not an admission of guilt; (2) that, instead, a no contest plea is an admission to the truth of the facts set forth in the charging document; and (3) that the no contest plea cannot be used against the defendant in any future criminal or civil litigation." *State v. Lazazzera*, 7th Dist. Mahoning No. 12 MA 170, 2013-Ohio-2547, ¶ 14. The plea form's no contest language does not address any of the "three points." As such, the plea form language did not constitute some compliance with Crim.R. 11(B)(2).

. . . . . . . . . . . . .

DONOVAN, J. and LEWIS, J., concur.

Copies sent to:

Frank J. Patrizio
Charles M. Blue
Hon. Gary A. Nasal