**[Cite as *State v. Dean*, 2022-Ohio-2803.]**

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2022-CA-1 |
| | : | |
| v. | : | Trial Court Case No. 21CRB630 |
| | : | |
| HEATHER N. DEAN | : | (Criminal Appeal from |
| | : | Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 12th day of August, 2022.

. . . . . . . . . . .

ROGER A. STEFFAN, JR., Atty. Reg. No. 0086330, Assistant Prosecuting Attorney, Champaign County Municipal Court Prosecutor's Office, Appellate Division, 205 South Main Street, Urbana, Ohio 43078
      Attorney for Plaintiff-Appellee

MARY ADELINE R. LEWIS, Atty. Reg. No. 0099711, 100 North Detroit Street, Xenia, Ohio 45385
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

EPLEY, J.

{¶ 1} Defendant-Appellant Heather N. Dean appeals from her conviction after she was found guilty of telecommunications harassment in the Champaign County Municipal Court. For the reasons that follow, the judgment of the trial court will be reversed, and the matter will be remanded for further proceedings.

## I.      Facts and Procedural History

{¶ 2} In August 2021, Champaign County deputies were dispatched to the Jackson Township home of Jesse Taylor after multiple reports that Dean (the mother of his child) was harassing him via text messages. Taylor advised deputies that Dean was sending texts accusing him of sexually abusing their child (of whom Taylor had custody) and of being a "pedophile." He further explained that he could not simply block her number because, as part of the custody order, Dean had to be able to contact him regarding their child. The responding deputy photographed the text messages and the custody agreement and then forwarded the evidence and report to the prosecutor.

{¶ 3} Dean was charged with a single count of telecommunications harassment, in violation of R.C. 2917.21(A)(1), a misdemeanor of the first degree. On December 7, 2021, the date originally set for trial, Dean appeared before the court to enter a plea of no contest. At the hearing, the parties asked for time to present the court with additional facts, exhibits, and briefing. The court took the proffered no contest plea under advisement, and on January 3, 2022, it found Dean guilty as charged. The court imposed a 180-day suspended jail sentence, $150 fine, court costs, and 18 months of probation.

{¶ 4} Dean appeals the trial court's judgment and raises three assignments of

error.

**II.    Voluntariness of Plea**

{¶ 5} In her first assignment of error, Dean argues that her no contest plea was invalid because it was not made in a knowing, intelligent, and voluntary manner. We agree.

{¶ 6} Crim.R. 11 outlines the procedures courts follow when accepting pleas, and those procedures vary depending on whether the offense is a misdemeanor that is a petty offense, a misdemeanor that is a serious offense, or a felony. *State v. Howard*, 2d Dist. Montgomery No. 27941, 2018-Ohio-5160, ¶ 17. A "serious offense" is a felony or misdemeanor for which the penalty includes confinement for more than six months. *State v. Clay*, 2d Dist. Miami No. 2021-CA-21, 2022-Ohio-631, ¶ 8, citing Crim.R. 2(C). A "petty offense" is any misdemeanor other than a "serious offense." Crim.R. 2(D). The telecommunications harassment charge in this case is a petty offense.

{¶ 7} For a petty offense, Crim.R. 11(E) requires only that the court inform the defendant of the effect of the plea. *Id.* at ¶ 9. "[T]o satisfy the requirement of informing a defendant of the effect of a plea, a trial court must [so] inform the defendant [using] the appropriate language under Crim.R. 11(B)." *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, ¶ 25. Crim.R. 11(B)(2) states that a "plea of no contest is not an admission of defendant's guilt but is an admission of the truth of the facts alleged in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding."

{¶ 8} Even though the rule does not require the court to engage in a lengthy inquiry

when a plea is accepted to a petty offense, it does require that the court, either orally or in writing, inform the defendant of the effect of a no contest plea using the requisite Crim.R. 11(B) language. *Clay* at ¶ 9.

{¶ 9} Here, Dean avers that her plea was not made in a knowing, intelligent, and voluntary manner because her rights were not explained and because she did not understand the effect of her no contest plea.

{¶ 10} As to her constitutional rights, even though it was not required under Crim.R. 11, they were carefully explained to her by both her trial attorney and the court Trial Tr. at 3-5, 7-8. In addition, she signed her plea form, which noted that she would be giving up the following rights: to have a jury trial; to require the State to prove guilt beyond a reasonable doubt; to face accusers and cross examine them; to compulsory process; to remain silent; and to be represented by an attorney. Finally, and importantly, she engaged in the following exchange with the trial court: "You're telling me today you understand each and every one of the rights I went over, and today you want to knowingly, voluntarily, intelligently waive and reject those and you want to enter this plea of no contest?" Trial Tr. at 9. Dean responded with "Yes." Trial Tr. at 9.

{¶ 11} Dean claims that her no contest plea was involuntary because she did not understand its effect. A plea of no contest is "not an admission of the defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint." Crim.R. 11(B)(2).

{¶ 12} Additional procedural protections in misdemeanor pleas are added in R.C. 2937.07, which states, "[i]f the plea be 'no contest' or words of similar import in pleading

to a misdemeanor, it shall constitute a stipulation that the judge or magistrate may make finding of guilty or not guilty from the explanation of circumstances, and if guilt be found, impose or continue for sentence accordingly."

{¶ 13} At Dean's December 7, 2021, hearing, the trial court explained, "on a no contest plea the court will hear the Complainant's side, and generally if there's facts in there that show it, that will result in a finding of guilt." Trial Tr. at 6. The court's explanation somewhat tracks R.C. 2937.07, however, it does not comply with Crim.R. 11(B). It does not explain that a no contest plea is not an admission of guilt, that it is an admission of the facts alleged in the complaint, and that it could not be used against Dean in subsequent court proceedings. The court's explanation, therefore, did not inform Dean of the effect of her no contest plea.

{¶ 14} We conclude that Dean's no contest plea was not made knowingly, intelligently, and voluntarily as she was not informed of the effect of her plea. The first assignment of error is sustained. Accordingly, it is unnecessary to reach the other assignments of error.

### III. Conclusion

{¶ 15} Having found that Dean's no contest plea was not voluntarily made, the judgment of the trial court will be reversed, and the matter will be remanded for further proceedings.

. . . . . . . . . . . . .

TUCKER, P.J. and DONOVAN, J., concur.

Copies sent to:

Roger A. Steffan, Jr.
Mary Adeline R. Lewis
Hon. Gil S. Weithman