[Cite as *Lakewood v. Hocter*, 2023-Ohio-375.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

CITY OF LAKEWOOD,                    :

    Plaintiff-Appellee,          :

                                     No. 111572

    v.                           :

RICHARD R. HOCTOR,                   :

    Defendant-Appellant.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:**  REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:**  February 3, 2023

---

Criminal Appeal from the Lakewood Municipal Court
Case No. 2022CRB00327

---

*Appearances:*

Brian T. Corrigan, Lakewood Director of Law, and Andrew N. Fleck, Assistant Prosecuting Attorney, *for appellee*.

Milton and Charlotte Kramer Law Clinic, Case Western Reserve University School of Law, Andrew S. Pollis, Supervising Attorney; Matt Borcas, Tristan Cavanaugh, and Richard McGraw, Legal Interns, *for appellant*.

SEAN C. GALLAGHER, J.:

{¶ 1}  Defendant-appellant, Richard R. Hoctor, appeals his judgment of conviction, following a plea of no contest on three counts.  Upon review, we reverse

the judgment and remand the case to the trial court with instructions to vacate the plea and to conduct further proceedings consistent with this opinion.

{¶ 2} Appellant was charged with four misdemeanor offenses in this case. He entered a plea of not guilty at the arraignment held on April 26, 2022.[1] On May 3, 2022, pursuant to a plea agreement, appellant entered a plea of no contest to three of the four counts, including aggravated menacing, a misdemeanor of the first degree in violation of R.C. 2903.21; resisting arrest, a misdemeanor of the second degree in violation of R.C. 2921.33; and intimidation of a victim in a criminal case, a misdemeanor of the first degree in violation of R.C. 2921.04. The trial court found appellant guilty of those three offenses, and the remaining count for assault was dismissed. The trial court imposed a total sentence of 360 days in jail with credit for time served.

{¶ 3} In his sole assignment of error on appeal, appellant claims that the trial court erred by accepting his no-contest plea without informing him of the effect of a no-contest plea as required by Crim.R. 11(E) and in accordance with the language of Crim.R. 11(B)(2). We conduct a de novo review to determine whether the trial court accepted a plea in compliance with Crim.R. 11. *State v. Meadows*, 8th Dist. Cuyahoga No. 111489, 2022-Ohio-4513, ¶ 18, citing *State v. Cardwell*, 8th Dist. Cuyahoga No. 92796, 2009-Ohio-6827, ¶ 26.

---

[1] Appellant was initially arraigned on three charges, and thereafter a fourth charge was added against him.

{¶ 4} A defendant's plea must be made knowingly, intelligently, and voluntarily. *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, ¶ 10, citing *Parke v. Raley*, 506 U.S. 20, 28-29, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992); *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 25. The enforcement of a plea that is not so made is unconstitutional under both the United States Constitution and the Ohio Constitution. *State v. Byas*, 8th Dist. Cuyahoga No. 110157, 2021-Ohio-3924, ¶ 25, citing *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996).

{¶ 5} Crim.R. 11, which outlines the procedures that trial courts are to follow when accepting pleas, "'ensures an adequate record on review by requiring the trial court to personally inform the defendant of his rights and the consequences of his plea and determine if the plea is understandingly and voluntarily made.'" *Dangler* at ¶ 11, quoting *State v. Stone*, 43 Ohio St.2d 163, 168, 331 N.E.2d 411 (1975). The rule includes a requirement of informing the defendant of the effect of a plea. *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, ¶ 20-21, citing Crim.R. 11(C)(2)(b), (D), and (E). The requirement appears in Crim.R. 11(C)(2)(b) for felony cases, in Crim.R. 11(D) for misdemeanor cases involving serious offenses, and in Crim.R. 11(E) for misdemeanor cases involving petty offenses.

{¶ 6} As applicable to this matter, Crim.R. 11(E) requires that "[i]n misdemeanor cases involving petty offenses the court * * * shall not accept [a plea of guilty or no contest] without first informing the defendant of the effect of the pleas

of guilty, no contest, and not guilty." Crim.R. 11(E) requires the trial court to inform the defendant of the effect of the specific plea being entered. *Jones* at ¶ 14, 20. The requirement of informing the defendant of the effect of the plea is not satisfied by informing the defendant of the maximum possible penalty and the right to a jury trial. *Id.* at ¶ 22. Instead, "to satisfy the requirement of informing a defendant of the effect of a plea, a trial court must inform the defendant of the appropriate language under Crim.R. 11(B)" either orally or in writing before accepting a plea. *Jones* at ¶ 25, 51. On the effect of a no-contest plea, Crim.R. 11(B)(2) provides as follows:

> The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information or complaint, and the admission shall not be used against the defendant in any subsequent civil or criminal proceeding.

{¶ 7} When there is a failure by the trial court to make any mention of the Crim.R. 11(B) language regarding the effect of a no-contest plea to a petty misdemeanor offense, a prejudice analysis is not necessary and the plea must be vacated. *State v. Clay*, 2d Dist. Miami No. 2021-CA-21, 2022-Ohio-631, ¶ 11, citing *Brecksville v. Grabowski*, 2017-Ohio-7885, 98 N.E.3d 919, ¶ 13 (8th Dist.); *State v. Jackson*, 2d Dist. Champaign No. 2021-CA-44, 2022-Ohio-3662, ¶ 12, 14; *State v. Brown*, 9th Dist. Lorain No. 19CA011588, 2021-Ohio-3443, ¶ 12; *Parma v. Buckwald*, 8th Dist. Cuyahoga Nos. 92356 and 92356, 2009-Ohio-4032, ¶ 46. The same is true when a trial court fails to provide any explanation regarding the effect of a no-contest plea as required by Crim.R. 11(C)(2) in a felony case. *Byas*, 8th Dist.

Cuyahoga No. 110157, 2021-Ohio-3924, at ¶ 56, citing *Dangler,* 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, at ¶ 15. As stated in *Dangler,* "a trial court's *complete* failure to comply with a portion of Crim.R. 11(C) eliminates the defendant's burden to show prejudice." *Dangler* at ¶ 15.[2]

{¶ 8} In this case, the transcript reflects that before accepting appellant's plea of no contest, the trial court informed appellant of the nature of the charges, the maximum penalties involved, and of the constitutional rights he would be giving up. However, the record reflects that at no point did the trial court inform appellant of the effect of a no-contest plea, either orally or in writing. While we have little doubt that appellant was aware of what was transpiring and understood the charges to which he was pleading no contest, we are constrained to follow the authority discussed herein. "Although Crim.R. 11(E) does not require the trial court to engage in a lengthy inquiry when a plea is accepted to a misdemeanor charge involving a petty offense, the rule does require that certain information be given on the 'effect of the plea.'" *Jones,* 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, at ¶ 51. Because the trial court failed to provide any explanation of the effect of a no-contest plea, appellant's plea was not knowingly, voluntarily, and intelligently made and must be vacated in this case.

{¶ 9} Appellant's sole assignment of error is sustained.

---

[2] We note that the Supreme Court of Ohio held in *Dangler* that when reviewing a Crim.R. 11 plea challenge, "the traditional rule" continues to apply with certain exceptions to the prejudice component. *Id.* at ¶ 16. The analysis no longer focuses on strict, substantial, or partial compliance. *See Dangler* at ¶ 17.

{¶ 10} The trial court's judgment is reversed, and the case is remanded with instructions for the trial court to vacate Hoctor's plea and to conduct further proceedings consistent with this opinion. The trial court shall expedite the matter.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Lakewood Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

MICHELLE J. SHEEHAN, P.J., and
EILEEN T. GALLAGHER, J., CONCUR