[Cite as *State v. Willis*, 2025-Ohio-688.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio/City of Bowling Green         Court of Appeals No.  WD-24-023

       Appellee                             Trial Court No. 24CRB00027

v.

Christopher S. Willis                 **DECISION AND JUDGMENT**

       Appellant                    Decided: February 28, 2025

* * * * *

Mimi S. Yoon, for appellee.

W. Alex Smith, for appellant.

* * * * *

**DUHART, J.**

{¶ 1} Appellant, Christopher Willis, appeals from his conviction in the Bowling Green Municipal Court following his no-contest plea to disorderly conduct with persistence, a violation of R.C. 2917.11. For the reasons that follow, the trial court's judgment is affirmed.

**Statement of the Case and of the Facts**

{¶ 2} On January 10, 2024, the Wood County Sheriff's Office responded to a report of harassment at appellant's apartment building at 13152 Main Street in the Village of Weston, Wood County, Ohio. Upon investigation, appellant was taken into custody on grounds that he did recklessly cause inconvenience, annoyance or alarm to his neighbor by repeatedly beating on her walls and door and that he persisted after she had asked him to stop numerous times. Appellant was charged with disorderly conduct with persistence in violation of R.C. 2917.11, a fourth-degree misdemeanor.

{¶ 3} On January 11, 2024, appellant was arraigned via video, at which time the trial court notified him of the charge and the fact that it carried a sentence of up to 30 days in jail and a $250 fine. Appellant indicated his understanding of the charge and requested court-appointed counsel. Granting appellant's request, the trial court explained as follows:

> All right. I will schedule the matter for additional appearance with attorney….
>
> You know the routine. You go and speak to the Public Defender's Office. If they take your case, which they likely will, then they will file paperwork with the Court requesting that the date I'm about to give you be changed to a pretrial conference that would work best for their schedule and yours, too.

The trial court continued the case for a pretrial conference on January 24, 2024. In addition, appellant was granted release on a personal recognizance bond with conditions

2.

that he not have physical contact with the alleged victim and that he not cause, threaten or attempt to cause physical or psychological harm to her.

{¶ 4} On January 23, 2024, the public defender filed an initial appearance, wherein she entered her appearance as appellant's attorney, waived time for speedy trial, and requested a pretrial on February 26, 2024.

{¶ 5} On February 26, 2024, when appellant and the public defender appeared for the scheduled pretrial conference, appellant's counsel advised the court that appellant wished to terminate his attorney-client relationship with her and to have new counsel appointed. Appellant then, on his own initiative and without the participation of defense counsel, moved the court to dismiss the complaint against him, first on the basis that his accuser failed to appear three times, and then on the basis of a speedy trial violation. The court informed appellant that his attorney had filed a speedy trial waiver on his behalf, and appellant responded that his attorney had done so without his consent.

{¶ 6} The trial court denied appellant's motion to dismiss and suggested that if appellant were to enter a no contest plea to the pending charge, he could immediately appeal the denial of this motion to dismiss on the basis of a speedy trial. Appellant asked what it would mean for him to plead no contest, and the trial court explained:

> Well, you would be convicted. And then you would have the opportunity, since it's a no contest plea without your admitting guilt, you would have an opportunity to go to Court of Appeals and say, 'I never did this. I never gave her the authority to do this. Not me, not me, not me.'

3.

{¶ 7} Appellant waived his right to counsel and his right to a jury trial and then entered a plea of no contest. The court made a guilty finding and imposed a sentence of 30 days in jail, with the 30 days ordered suspended, together with a fine of $250, with $150 of that amount ordered suspended. Appellant timely appealed the conviction.

## Assignments of Error

{¶ 8} On appeal, appellant asserts the following assignments of error:

I.      Christopher Willis received ineffective assistance of counsel when his 6th Amendment right to speedy trial was waived by his counsel without his consent.

II.     Christopher Willis did not make a knowing and voluntary plea when he was pressured into pleading no contest without counsel.

## Law and Analysis

**Appellant's trial counsel was not ineffective.**

{¶ 9} Acknowledging that "[i]t is common practice to include a time waiver for low level misdemeanor offenses when the accused is not in custody," appellant argues in his first assignment of error that he received ineffective assistance of counsel when his attorney executed the time waiver in his case without obtaining appellant's express consent.

{¶ 10} To establish a claim for ineffective assistance of counsel, a defendant must satisfy two requirements: "'First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was

4.

not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense.'" *State v. Holz*, 2023-Ohio-4005, ¶ 28 (6th Dist.), quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Proof of prejudice requires a showing 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*, citing *Strickland* at 694; *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph three of the syllabus.

{¶ 11} R.C. 2945.71(B)(1) provides that a defendant charged with a fourth-degree misdemeanor must be brought to trial within 45 days after arrest or service of summons. However, speedy trial time may be tolled by a valid waiver. *See South Euclid v. Schutt*, 2020-Ohio-3661, ¶ 15 (8th Dist.).

{¶ 12} In arguing that appellant's performance was deficient, appellant asserts only that "it is, in fact, not reasonable at all to have your constitutional rights waived without the accused's consent." The law in Ohio is well-settled, however, that "[a] defendant's right to be brought to trial within the time limits expressed in R.C. 2945.71 may be waived by his counsel for reasons of trial preparation and the defendant is bound by the waiver even though the waiver is executed without his consent." *State v. McBreen*, 54 Ohio St.2d 315 (1978), syllabus; *see also State v. Syph*, 2021-Ohio-3504, ¶ 40 (6th Dist.) ("a defendant is bound by the actions of counsel in waiving speedy trial rights by seeking or agreeing to a continuance even over the defendant's objections").

5.

{¶ 13} Because the sole basis for appellant's claim of ineffective assistance of counsel is the public defender's submission of a speedy trial waiver without appellant's express consent, and because the public defender acted within its authority to waive speedy trial time limits without appellant's consent, appellant fails to establish the requirement that his counsel's performance was deficient. Accordingly, appellant's first assignment of error is found not well-taken.

**Appellant's plea was made in compliance with Crim.R. 11.**

{¶ 14} Appellant argues in his second assignment of error that he did not make a knowing and voluntary plea when he was pressured into pleading no contest without counsel.

{¶ 15} A defendant's plea must be made knowingly, intelligently, and voluntarily. *State v. Dangler*, 2020-Ohio-2765, ¶ 10, citing *Parke v. Raley*, 506 U.S. 20, 28-29 (1992); *State v. Clark*, 2008-Ohio-3748, ¶ 25. "The enforcement of a plea that is not so made is unconstitutional under both the United States Constitution and the Ohio Constitution." *City of Lakewood v. Hoctor*, 2023-Ohio-375, ¶4 (8th Dist.), citing *State v. Byas*, 2021-Ohio-3924, ¶ 25 (8th Dist.), citing *State v. Engle*, 74 Ohio St.3d 525, 527 (1996).

{¶ 16} Crim.R. 11 outlines the procedures that trial courts are to follow when accepting pleas and "'ensures and adequate record on review by requiring the trial court to personally inform the defendant of his rights and the consequences of his plea and determine if the plea is understandingly and voluntarily made.'" *Dangler* at ¶ 11, quoting

6.

*State v. Stone*, 43 Ohio St.2d 163, 168 (1975). Among the rule's requirements is that a defendant be informed of the effect of his plea. *See State v. Jones*, 2007-Ohio-6093, ¶ 21, citing Crim.R. 11(C)(2)(b), (D), and (E). The requirement is set forth in Crim.R. 11(C)(2)(b) for felony cases, in Crim.R. 11(D) for misdemeanor cases involving serious offenses, and in Crim.R. 11(E) for misdemeanor cases involving petty offenses.

{¶ 17} As applicable here, Crim.R. 11(E) requires that "[i]n misdemeanor cases involving petty offenses the court…shall not accept [a plea of no contest] without first informing the defendant of the effect of the [plea of no contest]. *See Jones* at ¶ 20 (in accepting a plea to a misdemeanor involving a petty offense, a trial court is required to inform the defendant of the effect of the specific plea being entered). "[T]o satisfy the requirement of informing a defendant of the effect of a plea, a trial court must inform the defendant of the appropriate language under Crim.R. 11(B)" either orally or in writing before accepting the plea. *Jones* at ¶ 51.

{¶ 18} Crim.R. 11(B)(2) provides as follows:

> The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information or complaint, and the admission shall not be used against the defendant in any subsequent civil or criminal proceeding.

{¶ 19} "'[F]ailure to comply with nonconsitutional rights [such as communication of the information set forth in Crim.R. 11(B)(2)] will not invalidate a plea unless the defendant thereby suffered prejudice.'" *Jones* at 51, citing *State v. Griggs*, 2004-Ohio-

7.

4415, ¶ 12. "The test for prejudice is 'whether the plea would otherwise have been made.'" *State v. Nero*, 56 Ohio St.3d 106, 108 (1990).

{¶ 20} Here, the trial court informed appellant of the effect of the plea of no contest as follows:

> Well, you would be convicted. And then you would have the opportunity, since it's a no contest plea without your admitting guilt, you would have an opportunity to go to Court of Appeals and say, 'I never did this. I never gave her the authority to do this. Not me, not me, not me.'

Thus, the trial court made mention of the fact that the plea of no contest would not be an admission of guilt. But it did not inform appellant that it would be an admission of the truth of the facts alleged in the indictment, information, or complaint. Nor did it inform appellant that the plea or admission would not be used against him in any subsequent civil or criminal proceeding.

{¶ 21} In considering whether appellant was prejudiced by any failure on the part of the trial court to comply with Crim.R. 11, we note that appellant entered the no contest plea so that, without admitting guilt, he could immediately seek appellate review of the matter involving his speedy trial rights. This he achieved. Under the circumstances of this case, we do not find that appellant was prejudiced; that is, there is no reason to believe that had appellant been more fully informed pursuant to Crim.R. 11(B)(2), he would not have entered the plea.

{¶ 22} To the extent that appellant additionally argues the applicability of Crim.R. 11(D) to the facts of this case, we note that this provision expressly applies to

8.

misdemeanor cases involving serious offenses, and not to misdemeanor cases involving petty offenses.

{¶ 23} For the foregoing reasons, appellant's second assignment of error is found not well-taken.

**Conclusion**

{¶ 24} The judgment of the Bowling Green Municipal Court is affirmed. Appellant is ordered to pay the costs of appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.                    _____
                                                                JUDGE
Myron C. Duhart, J.

                                                      _____
Charles E. Sulek, P.J.                          JUDGE
CONCUR.

                                                      _____
                                                                JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.