[Cite as *State v. King*, 2019-Ohio-4523.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
SENECA COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,            CASE NO. 13-19-15

    v.

JOEY F. KING, SR.,                 O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Seneca County Common Pleas Court
Trial Court No. 17 CR 0216

Judgment Affirmed

Date of Decision: November 4, 2019

APPEARANCES:

    *Dorothy L. Williams* for Appellant

    *Angela M. Boes* for Appellee

Case No. 13-19-15

**ZIMMERMAN, P.J.**

{¶1} Plaintiff-appellant, Joel F. King, Sr., ("King"), appeals the May 13, 2019 judgment entry of sentence of the Seneca County Court of Common Pleas. We affirm.

{¶2} On December 11, 2017, the Seneca County Grand Jury indicted King on: Count One of rape in violation of R.C. 2907.02(A)(1)(b), (B), a first-degree felony; Count Two of sexual battery in violation of R.C. 2907.03(A)(5), (B), a second-degree felony; and Count Three of gross sexual imposition in violation of R.C. 2907.05(A)(4), (C)(2), a third-degree felony.[1]  (Doc. No. 2). On January 4, 2018, King appeared for arraignment and entered pleas of not guilty. (Doc. No. 7). Later the same day, King entered a written plea of not guilty by reason of insanity. (Doc. No. 9)

{¶3} After King was found competent to stand trial, on March 18, 2019, King withdrew his pleas of not guilty and entered guilty pleas, under a written plea agreement, to Counts Two and Three. (Doc. Nos. 28, 31, 32, 36, 67, 68). Specifically, in exchange for his change of pleas, the State agreed to dismiss the rape charge set forth in Count One. (*Id.*). The trial court accepted King's guilty pleas, ordered the preparation of a presentence investigation report ("PSI"), and dismissed Count One. (Doc. Nos. 67, 68, 74, 75, 76).

---

[1] On March 19, 2018, the State filed a motion to amend the indictment as to the penalty language contained in Count Three, which the trial court granted on March 21, 2018. (Doc. Nos. 21, 24).

{¶4} On May 13, 2019 and prior to his sentencing hearing, King filed a motion to merge Counts Two and Three for purpose of sentencing. (Doc. No. 77). The trial court denied King's motion and sentenced King to seven years in prison on Count Two and 36 months in prison on Count Three ordering the terms be served consecutively for an aggregate sentence of seven years and 36 months. (Doc. No. 76). The trial court conducted a sex-offender-classification hearing and classified King accordingly. (Doc. No. 76).

{¶5} King filed a notice of appeal on May 21, 2019, and raises one assignment of error for our review. (Doc. No. 79).

### Assignment of Error

**The Trial Court Erred when it Failed to Merge the Charges of Sexual Battery and Gross Sexual Imposition.**

{¶6} In his assignment of error, King argues that the trial court failed to merge his sexual-battery and gross-sexual-imposition convictions.

*Standard of Review*

{¶7} "Whether offenses are allied offenses of similar import is a question of law that this Court reviews de novo." *State v. Jessen*, 3d Dist. Auglaize No. 2-18-16, 2019-Ohio-907, ¶ 22, citing *State v. Frye*, 3d Dist. Allen No. 1-17-30, 2018-Ohio-894 and *State v. Ruff*, 143 Ohio St.3d 114, 2013-Ohio-1441.

*Analysis*

{¶8} R.C. 2941.25, Ohio's multiple-count statute, states:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶9} The Supreme Court of Ohio directs us to apply a three-part test to determine whether a defendant can be convicted of multiple offenses:

'As a practical matter, when determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must ask three questions when defendant's conduct supports multiple offenses: (1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation? An affirmative answer to any of the above will permit separate convictions. The conduct, the animus, and the import must all be considered.'

*State v. Earley*, 145 Ohio St.3d 281, 2015-Ohio-4615, ¶ 12, quoting *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, ¶ 12, and citing *Ruff* at paragraphs one, two, and three of the syllabus.

{¶10} Applying the *Ruff* allied-offense analysis, we conclude that King's convictions for sexual battery and gross sexual imposition are not allied offenses of similar import. Because it is dispositive, we address only whether the offenses were committed separately under the three-part *Ruff* test.

{¶11} At the sentencing hearing, the State argued that the offenses of sexual battery and gross sexual imposition "involved separate conduct by [King] and occurred multiple times over the course of several months. (May 13, 2019 Tr. at 3). (*See* May 13, 2019 Tr. at 5). However, the PSI reflects that the victim in this case disclosed to a school counselor that King engaged in sexual conduct with her "*every day around bedtime.*" (PSI at 9-11). Importantly, King later admitted to having digital sexual *contact* with the minor child's vaginal area over her clothing "five times" and engaging in under-the-clothing digital sexual *conduct* on one occasion "in the living room, on his bed/air mattress while his parents were asleep." (*Id*. at 8).

{¶12} Therefore, King's offenses are not allied offenses of similar import and the trial court did not err by not merging them. Accordingly, King's assignment of error is overruled.

{¶13} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**PRESTON and WILLAMOWSKI, J.J., concur.**

**/jlr**