[Cite as *State v. Jackson*, 2022-Ohio-3662.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO/VILLAGE OF ST. PARIS | : | |
| | : | |
| | : | Appellate Case No. 2021-CA-44 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 21CRB506B |
| v. | : | |
| | : | (Criminal Appeal from |
| JAMIE JACKSON | : | Municipal Court) |
| | : | |
| Defendant-Appellant | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 14th day of October, 2022.

. . . . . . . . . . .

MARK M. FEINSTEIN, Atty. Reg. No. 0069384, Prosecuting Attorney, City of Urbana Municipal Court, P.O. Box 657, Urbana, Ohio 43078
     Attorney for Plaintiff-Appellee

JOHN C. CUNNINGHAM, Atty. Reg. No. 0082475, 2555 South Dixie Drive, Suite 204, Dayton, Ohio 45409
     Attorney for Defendant-Appellant

. . . . . . . . . . . . .

LEWIS, J.

{¶ 1} Defendant-Appellant Jamie Jackson appeals from his conviction in the Champaign County Municipal Court following a guilty plea to one count of falsification, a first-degree misdemeanor. For the foregoing reasons, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

## I. Facts and Procedural History

{¶ 2} On July 9, 2021, Jackson was charged by complaint for one count of violating a protection order, in violation of St. Paris Ordinance 135.23(A)(1), a misdemeanor of the first degree; one count of falsification, in violation of St. Paris Ordinance 136.02(A)(3), a misdemeanor of the first degree; and one count of obstructing official business, in violation of St. Paris Ordinance 136.06(A), a misdemeanor of the second degree.

{¶ 3} On October 28, 2021, Jackson entered a negotiated guilty plea to one count of falsification, and the remaining charges were dismissed. He was sentenced to 180 days in jail with 160 days suspended and non-reporting probation for 36 months, and he was ordered to pay a $200 fine and court costs.

{¶ 4} Jackson's first appointed appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 19 L.Ed.2d 493 (1967), asserting the absence of non-frivolous issues for our review. In conducting an independent review, we found at least two non-frivolous issues for appeal. The first issue concerned the trial court's Crim.R. 11 plea colloquy wherein Jackson was not advised that a guilty plea is a complete admission of guilt; the second concerned Jackson's right to allocution. Accordingly, we set aside the *Anders* brief and appointed new counsel to address those issues and any other issues that counsel uncovered.

{¶ 5} Jackson filed a brief raising two assignments of error. The State did not file a responsive brief.

## II. Voluntariness of Plea

{¶ 6} In his first assignment of error, Jackson contends that he did not knowingly, intelligently, and voluntarily enter his guilty plea, because the trial court failed to inform him of the effect of a guilty plea prior to accepting his plea. We agree.

{¶ 7} A defendant's plea in a criminal case must be made "knowingly, intelligently, and voluntarily" to be constitutional under the United States and Ohio Constitutions. *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). A plea that is not made knowingly, intelligently, and voluntarily is invalid. *State v. Bishop*, 156 Ohio St.3d 156, 2018-Ohio-5132, 124 N.E.3d 766, ¶ 10. Crim.R. 11, which outlines the procedures trial courts are to follow when accepting pleas, " 'ensures an adequate record on review by requiring the trial court to personally inform the defendant of his rights and the consequences of his plea and determine if the plea is understandingly and voluntarily made.' " *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, ¶ 11, quoting *State v. Stone*, 43 Ohio St.2d 163, 168, 331 N.E.2d 411 (1975).

{¶ 8} Although Jackson contends the trial court erred in failing to comply with Crim.R. 11(D), because Jackson was charged with a petty offense as defined in Crim.R. 2(D), Crim.R. 11(E) applied to his plea hearing. Crim.R. 11(E) provides that in misdemeanor cases involving petty offenses, the trial court shall not accept a guilty plea "without first addressing the defendant personally and informing the defendant of the effect of the pleas of guilty, no contest, and not guilty and determining that the defendant

is making the plea voluntarily." Crim.R. 11(B)(1) states that the effect of a guilty plea "is a complete admission of the defendant's guilt." The notification regarding the effect of the plea is not satisfied by informing a defendant of the maximum possible penalty and his or her constitutional rights. *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, ¶ 22. Instead, in order to satisfy the requirement of informing a defendant of "the effect of the plea" before accepting a guilty plea to a petty misdemeanor, the court is required to inform the defendant that the plea is a complete admission of guilt. *Id.* at ¶ 20. The information may be provided either orally or in writing to satisfy the requirement. *Id.* at ¶ 51.

{¶ 9} "When a criminal defendant seeks to have his conviction reversed on appeal, the traditional rule is that he must establish that an error occurred in the trial-court proceedings and that he was prejudiced by that error." *Dangler* at ¶ 13. "When a trial court fails to explain the constitutional rights that a defendant waives by pleading guilty or no contest, we presume that the plea was entered involuntarily and unknowingly, and no showing of prejudice is required." *Id.* at ¶ 14. Another exception to the prejudice requirement is where a trial court completely fails to comply with a portion of Crim.R. 11. *Id.* at ¶ 15.

{¶ 10} During the plea hearing, the following colloquy occurred:

THE COURT: * * * Mr. Jackson, I'm now looking at a waiver of rights and entry of plea. It tells me today you were in this court for a Falsification charge. It tells me that could and tells you that could [sic] have a thousand dollar fine, up to 180 days in jail.

Telling me today that you understand that immediately upon accepting a change of plea here as been indicated, the Court then, if that's happening, may then proceed today with judgment and sentencing you in that case.

Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: You understand the effects of the pleas available to you today, telling me today you wish to enter a guilty plea to this Falsification as a single count.

Is that what you want to do?

THE DEFENDANT: Yes, sir.

Hearing Tr., p. 5-6.

{¶ 11} Jackson's plea form stated that "I understand the effect of a plea of (GUILTY) to the charge" and further that "I make this plea knowingly, voluntarily and intelligently and I understand the effect of my plea." The plea form did not detail the effect of a guilty plea, i.e. that a guilty plea is a complete admission of the defendant's guilt. Jackson waived a reading of the circumstances and was never asked if he in fact committed the offense.

{¶ 12} Here, the trial court did not comply with Crim.R. 11(E) by explaining the effect of entering a guilty plea, and it also was not in Jackson's plea form. Before accepting a guilty plea to a misdemeanor for a petty offense, the court was required to inform Jackson that a plea of guilty is a complete admission of guilt. *Jones,* 116 Ohio

St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, at ¶ 25. Because the trial court completely failed to comply with Crim.R. 11(E), Jackson was not required to demonstrate that he was prejudiced by the trial court's error. *Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, at ¶ 15. Jackson's first assignment of error is sustained.

{¶ 13} In his second assignment of error, Jackson contends that the trial court failed to provide him his right of allocution pursuant to Crim.R. 32(A)(1). Given our disposition of the first assignment of error, we need not address Jackson's second assignment of error.

### III.    Conclusion

{¶ 14} Because the trial court failed to provide any explanation to Jackson regarding the effect of his guilty plea, either orally or in writing, the trial court completely failed to comply with Crim.R. 11(E). Without an explanation of the effect of his guilty plea, Jackson's plea was not knowingly, intelligently, and voluntarily made. As a result, Jackson's plea must be vacated.

{¶ 15} The judgment of the trial court is reversed, and the matter is remanded to the trial court for further proceedings consistent with this opinion.

. . . . . . . . . . . .



TUCKER, P.J. and EPLEY, J., concur.


Copies sent to:

Mark M. Feinstein
John C. Cunningham
Hon. Gil S. Weithman