[Cite as *Cleveland v. Jones*, 2023-Ohio-3474.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

CITY OF CLEVELAND,                    :

    Plaintiff-Appellee,          :

                          No. 112236

    v.                            :

DESIREE JONES,                        :

    Defendant-Appellant.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** September 28, 2023

---

Criminal Appeal from the Cleveland Municipal Court
Case No. 2020-CRB-008217

---

### *Appearances:*

Mark D. Griffin, City of Cleveland Director of Law, Aqueelah
A. Jordan, Chief Prosecutor, and Ameed M. Kollab,
Assistant Prosecutor, *for appellee.*

Christina M. Joliat, *for appellant.*

MICHAEL JOHN RYAN, J.:

{¶ 1} Defendant-appellant, Desiree Jones, appeals her conviction and sentence on one count of criminal damaging. Finding no merit to the appeal, we affirm.

{¶ 2} In August 2020, Jones was charged in Cleveland Municipal Court with one count of criminal damaging, a second-degree misdemeanor, and one count of criminal trespass, a fourth-degree misdemeanor.

{¶ 3} On September 17, 2020, Jones pleaded guilty to criminal damaging and agreed to pay restitution. The criminal trespass charge was dismissed.

{¶ 4} During the plea hearing, the court and the defendant, who was represented by counsel, discussed restitution. Jones agreed to pay restitution and told the court she could pay the amount owed over time if she was given a payment plan. Jones claimed that she had already paid $750 towards restitution but did not have proof of that payment. The court told Jones to bring proof of payment to her sentencing hearing.

{¶ 5} The court also discussed the issue of restitution with the victim. The victim disputed Jones's claim of a $750 payment, stating that the $750 was money that the victim received for the sale of a vehicle that was unrelated to the current case.

{¶ 6} The case was transferred to another trial court, which held a series of hearings. On at least two occasions, Jones failed to appear for court. On April 6, 2022, the court sentenced Jones to a suspended sentence of 90 days in jail, a $750 fine of which $700 was suspended, and five years of probation. As to restitution, the court heard from both the victim and Jones. The victim turned over receipts for repair to windows and a repair estimate and informed the court she had not yet received any restitution from Jones, despite Jones's contention that she had

paid her $750 and made payments to the court for restitution. The court reviewed the receipts, estimate, and ordered restitution in the amount of $1,008.

{¶ 7} Jones filed a delayed notice of appeal, which this court accepted. Jones assigns the following errors for our review:

> I. Appellant's plea was taken in violation of Crim.R. 11 and was not entered knowingly, intelligently, or voluntarily.
>
> II. The restitution Appellant was ordered to pay was unlawful as no evidentiary hearing was held.
>
> III. Appellant's misdemeanor case should have merged with the later charged felony that had the same named victim and like charges.

**Law and Analysis**

{¶ 8} In the first assignment of error, Jones argues that the trial court did not comply with Crim.R. 11. Jones contends the trial court erred in failing to comply with Crim.R. 11(C).

{¶ 9} Jones was charged with a petty offense as defined in Crim.R. 2(D); therefore, Crim.R. 11(E) applied to her plea hearing, not Crim.R. 11(C).[1] Crim.R. 11(E) provides that a trial court shall not accept a guilty plea in misdemeanor cases involving petty offenses, "without first addressing the defendant personally and informing the defendant of the effect of the pleas of guilty, no contest, and not guilty and determining that the defendant is making the plea voluntarily." A trial court advises a defendant of the "effect the plea" when the court advises the defendant of

_____

[1] Jones pleaded guilty to a second-degree misdemeanor, punishable to up to 90 days in jail. Misdemeanors having a penalty of six months or less are considered "petty offenses." Crim.R. 2(D).

the appropriate language under Crim.R. 11(B). *Cleveland v. Martin*, 8th Dist. Cuyahoga No. 111495, 2023-Ohio-448, ¶ 7, citing *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, paragraph two of the syllabus; *see also Cleveland v. Jaber*, 8th Dist. Cuyahoga Nos. 103194 and 103195, 2016-Ohio-1542, ¶ 24-25. Crim.R. 11(B)(1) states, "[T]he plea of guilty is a complete admission of the defendant's guilt."

{¶ 10} Jones argues that the trial court failed to substantially comply with Crim.R. 11 in accepting her guilty plea because the court did not inform her of possible penalties and that the court could proceed to judgment and sentence after the plea.

{¶ 11} "When a criminal defendant seeks to have his [or her] conviction reversed on appeal, the traditional rule is that [the defendant] must establish that an error occurred in the trial-court proceedings and that he [or she] was prejudiced by that error." *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, ¶ 13. "When a trial court fails to explain the constitutional rights that a defendant waives by pleading guilty or no contest, we presume that the plea was entered involuntarily and unknowingly, and no showing of prejudice is required." *Id.* at ¶ 14. "When a trial court fails to fully cover other 'nonconstitutional' aspects of the plea colloquy, a defendant must affirmatively show prejudice to invalidate a plea." *Id.* at ¶ 15. An exception to the prejudice requirement is where a trial court "completely fails" to comply with a portion of Crim.R. 11. *Id.*, citing *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 22.

**{¶ 12}** Although trial courts are not obligated to inform criminal defendants pleading guilty to petty misdemeanors of their constitutional rights, the courts are not relieved of every obligation. The trial court must still inform the defendant of the effect of his or her plea, using the language found in Crim.R. 11(B). *Martin* at ¶ 10.

**{¶ 13}** When reviewing a trial court's compliance with Crim.R. 11, the inquiry does not focus on strict, substantial, or partial compliance with the rule. *Martin* at ¶ 11, citing *State v. Kauffman*, 2021-Ohio-1584, 170 N.E.3d 952, ¶ 12 (8th Dist.). Pursuant to *Dangler*, we consider: (1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden? *Id.* at ¶ 17.

**{¶ 14}** In this case, the trial court informed Jones of the following during the sentencing hearing:

> Ms. Jones, you're pleading guilty to criminal damaging, misdemeanor of the second degree, punishable up to $750 fine and/or 90 days in jail. A plea of guilty is a complete admission of guilt. Are you knowingly and voluntarily entering a plea of guilty to the criminal damaging; is that correct?

**{¶ 15}** The trial court expressly informed Jones that her plea was a "complete admission of guilt" as required by Crim.R. 11(B)(1) and we need not consider the second or third prongs of the *Dangler* analysis.

{¶ 16} Jones's guilty plea to second-degree misdemeanor criminal damaging was in accordance with Crim.R. 11. Accordingly, the first assignment of error is overruled.

{¶ 17} In the second assignment of error, Jones argues that the order of restitution was unlawful because the court did not hold an evidentiary hearing.

{¶ 18} Pursuant to App.R. 16(A)(7), an appellant's brief must include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." "It is not the obligation of an appellate court to search for authority to support an appellant's argument as to an alleged error." *Kremer v. Cox*, 114 Ohio App.3d 41, 60, 682 N.E.2d 1006 (9th Dist.1996). "If the party presenting an assignment of error for review fails to identify in the record the error on which it is based, this Court may disregard the assignment of error." *Id.*, citing App.R. 12(A)(2).

{¶ 19} Although Jones cites the applicable restitution statute, Jones fails to cite parts of the record on which she relies. Consequently, we could summarily overrule the assigned error. Even if we were to consider her claim that the court erred in ordering restitution, we find it to be without merit.

{¶ 20} R.C. 2929.28(A)(1) provides in part,

If the court decides to * * * impose restitution, the court shall hold an evidentiary hearing on restitution if the offender, victim, victim's representative, victim's attorney, if applicable, or victim's estate

disputes the amount of restitution. The court shall determine the amount of full restitution by a preponderance of the evidence.

{¶ 21} Jones argues that the trial court failed to hold a "separate" restitution hearing.

{¶ 22} Although Jones pleaded guilty in 2020, she was not sentenced until April 6, 2022. Prior to sentencing, on March 23, 2022, the court held a status hearing. On that date, there was discussion on the record regarding restitution and Jones's claim that she had already made payments to the court and/or the victim. Because Jones disputed the amount owed, the court stated, on the record, that it was scheduling a "restitution and sentencing hearing" for April 6, 2022.

{¶ 23} On April 6, 2022, the court sentenced Jones to a suspended sentence of 90 days in jail, a $750 fine with $700 of the fine suspended, and five years of probation. As to restitution, the court heard from both the victim and Jones. The victim provided receipts for repair to windows and an estimate from Home Depot and informed the court she had not yet received any restitution from Jones, despite Jones's contention that she had paid the victim and made payments to the court for restitution. The court reviewed the receipts totaling $1,960.20 and the Home Depot estimate in the amount of $1,008 and ordered restitution in the amount of $1,008.

{¶ 24} The record reflects that the trial court held a restitution hearing, during which the court took evidence and heard from both the victim and Jones and determined an amount of restitution. We find no error in the court's judgment.

{¶ 25} The second assignment of error is overruled.

{¶ 26} In the third assignment of error, Jones argues that her misdemeanor case should have merged with her felony case.

{¶ 27} Jones cites R.C. 2941.25(A), which governs allied offenses, and provides that "[w]here the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one."

{¶ 28} The statute is not applicable to this case. The date of the offense in this case was July 9, 2020. Jones pleaded guilty on September 21, 2020, and was sentenced on April 6, 2022. In February 2021, Jones was charged in a five-count indictment in Cuyahoga County Common Pleas Court with two counts of menacing by stalking, a fourth-degree felony; two counts of violating a protection order, a felony of the third-degree and a first-degree misdemeanor; and telecommunications harassment, a first-degree misdemeanor; s*ee State v. Jones*, Cuyahoga C.P. Case No. CR-21-655871-A; *State v. Jones*, 8th Dist. Cuyahoga No. 112251 (motion for delayed appeal denied and appeal dismissed. *See* Motion No. 560634).

{¶ 29} The date of the offense in the common pleas court case is December 3, 2020. Although the named victim is the same as the case in municipal court, the offenses are not allied. The offenses occurred separately, months apart. *See generally State v. King*, 3d Dist. Seneca No. 13-19-15, 2019-Ohio-4523 (in a prosecution for sexual battery and gross sexual imposition, the trial court did not err by not merging the offenses when they involved separate conduct that occurred

multiple times over the course of several months). Moreover, Jones had already pleaded guilty in this case before she was indicted in the common pleas court. We see no vehicle in the criminal rules, nor is Jones able to point to any authority, by which her municipal court case, to which she had already entered a plea, could somehow "merge" with her pending felony case.

{¶ 30} Accordingly, the third assignment of error is overruled.

{¶ 31} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHAEL JOHN RYAN, JUDGE

MARY EILEEN KILBANE, P.J., and
SEAN C. GALLAGHER, J., CONCUR