[Cite as *Cleveland v. Byers*, 2023-Ohio-4542.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| CITY OF CLEVELAND, | : | |
| Plaintiff-Appellee, | : | No. 112682 |
| v. | : | |
| RODERICK A. BYERS, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED, VACATED, AND REMANDED
**RELEASED AND JOURNALIZED:** December 14, 2023

Criminal Appeal from the Cleveland Municipal Court
Case No. 2022-CRB-006813

### *Appearances:*

Aqueelah A. Jordan, Chief Prosecutor for the City of
Cleveland, and Michael Ferrari, Assistant Prosecutor, *for
appellee.*

Jones Day and Joseph Shell, *for appellant.*

ANITA LASTER MAYS, A.J.:

{¶ 1}  Defendant-appellant Roderick Byers appeals his conviction after he pled guilty to attempted telecommunications harassment in violation of Cleveland Codified Ordinances ("C.C.O.") 601.08 and 621.11.  He contends that the trial court erred in accepting his guilty plea without informing him of the effect of a guilty plea

as required by Crim.R. 11(E). He also contends that the trial court abused its discretion in prohibiting Byers from having contact with his daughter as a condition of community control. For the reasons that follow, we reverse the trial court, vacate Byers's conviction, and remand for further proceedings.

**Procedural History and Factual Background**

{¶ 2} On August 12, 2022, Byers was charged with one count of aggravated menacing in violation of C.C.O. 621.06 and one count of making threatening or harassing telecommunications in violation of C.C.O. 621.11. The charges related to voicemail and text messages Byers left for or sent to J.B., the mother of Byers's daughter.

{¶ 3} On January 12, 2023, the parties reached a plea agreement. Byers agreed to plead guilty to an amended count of attempted telecommunications harassment in violation of C.C.O. 601.08 and 621.11, a second-degree misdemeanor. In exchange for his guilty plea, the remaining count would be nolled. After the trial court conducted a limited plea colloquy, Byers pled guilty to the amended charge of "attempted harassing phone calls" as agreed, and the trial court accepted Byers's guilty plea, found him guilty of the offense, and dismissed the remaining count. The trial court sentenced Byers to 90 days in jail (60 days suspended), three years of active community control, and a $100 fine. As conditions of Byers's community control, the trial court ordered Byers to have no contact with the victim or their daughter and that Byers undergo a mental health assessment, attend parenting classes, and complete 100 hours of community service.

**{¶ 4}** Byers appealed. He raises the following two assignments of error for review:

> Assignment of Error I: The trial court erred in accepting Appellant Roderick A. Byers's guilty plea without complying with Crim.R. 11.

> Assignment of Error II: In the alternative, the trial court abused its discretion in imposing a community-control condition that fails to comply with *State v. Jones*, 49 Ohio St.3d 51, 550 N.E.2d 469 (1990).

## Law and Analysis

**{¶ 5}** "'Due process requires that a defendant's plea be made knowingly, intelligently, and voluntarily; otherwise, the defendant's plea is invalid.'" *State v. Brinkman*, 165 Ohio St.3d 523, 2021-Ohio-2473, 180 N.E.3d 1074, ¶ 10, quoting *State v. Bishop*, 156 Ohio St.3d 156, 2018-Ohio-5132, 124 N.E.3d 766, ¶ 10 (lead opinion), citing *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 25; *see also State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996) ("When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution.").

**{¶ 6}** Crim.R. 11, which outlines the procedures trial courts must follow when accepting pleas, "'ensures an adequate record on review by requiring the trial court to personally inform the defendant of his rights and the consequences of his plea and determine if the plea is understandingly and voluntarily made.'" *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, ¶ 11, quoting *State v.*

*Stone*, 43 Ohio St.2d 163, 168, 331 N.E.2d 411 (1975). The prescribed procedures vary based on whether the offense to which a defendant is pleading guilty is a felony (Crim.R. 11(C)), a misdemeanor involving a serious offense (Crim.R. 11(D)), or a misdemeanor involving a petty offense (Crim.R. 11(E)). Crim.R. 11; *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, ¶ 11.

{¶ 7} Byers pled guilty to a misdemeanor involving a petty offense.[1] Therefore, Crim.R. 11(E) governs the trial court's acceptance of his guilty plea. Crim.R. 11(E), provides, in relevant part:

> In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty.

{¶ 8} The trial court informs the defendant of "the effect of [a] plea" when the trial court "advises the defendant of the appropriate language under Crim.R. 11(B)." *Cleveland v. Jones*, 8th Dist. Cuyahoga No. 112236, 2023-Ohio-3474, ¶ 9; *Cleveland v. Martin*, 8th Dist. Cuyahoga No. 111495, 2023-Ohio-448, ¶ 7; *Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, at paragraph two of the syllabus. The information may be provided orally or in writing. *State v. Jackson*, 2d Dist. Champaign No. 2021-CA-44, 2022-Ohio-3662, ¶ 8, citing *Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, at ¶ 51. With respect to the effect of a guilty plea,

---

[1] A "serious offense" is "any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months." Crim.R. 2(C). A "petty offense" is "a misdemeanor other than a serious offense." Crim.R. 2(D). The penalty for attempted telecommunications harassment in violation of C.C.O. 601.08 and 621.11, a second-degree misdemeanor, included confinement of up to 90 days. *See* C.C.O. 601.08, 601.99, 621.11.

Crim.R. 11(B)(1) states that "[t]he plea of guilty is a complete admission of the defendant's guilt."

{¶ 9} When reviewing a trial court's compliance with Crim.R. 11, we consider: "(1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?" *Jones*, 8th Dist. Cuyahoga No. 112236, 2023-Ohio-3474, at ¶ 13, citing *Dangler* at ¶ 17; *Martin* at ¶ 9-12. An exception to the prejudice requirement exists where a trial court "completely fails" to comply with an aspect of Crim.R. 11. *Jones*, 8th Dist. Cuyahoga No. 112236, 2023-Ohio-3474, at ¶ 11, citing *Dangler* at ¶ 15; *Martin* at ¶ 9.

{¶ 10} Byers argues that the trial court erred in accepting his guilty plea and that his conviction must be vacated because the trial court "failed to make any mention to Byers of the effect of his pleading guilty to attempting to make threatening or harassing telecommunications," i.e., the trial court failed to inform Byers that a "plea of guilty is a complete admission of guilt," prior to accepting his guilty pleas. He contends that because the trial court "failed to make any mention to Byers" of the Crim.R. 11(B)(1) language and thus "completely failed" to comply with Crim.R. 11(E), his plea must be vacated "regardless of whether Byers was prejudiced."

**{¶ 11}** In response, the city argues that we should affirm Byers's conviction because (1) "a valid plea colloquy does not require verbatim recitation of Rule 11,"[2] (2) even if the trial court did not advise Byers that "a plea of guilty is a complete admission of guilt," it "apprised Byers," during "plea colloquy discussions," of his constitutional rights and the maximum penalty he would face by pleading guilty, (3) Byers "did not proclaim his innocence" at the change-of-plea hearing, and (4) Byers "has yet to articulate any prejudice suffered as a result of the trial court's failure to recite Crim.R. 11(B) verbatim."

**{¶ 12}** The transcript of the change-of-plea hearing documents the following exchange between Byers and the trial court prior to its acceptance of Byers's guilty plea:

> THE COURT: * * * Mr. Byers, you're waiving your rights; your right to remain silent; is that correct? * * *
>
> DEFENDANT: Yes, your Honor.
>
> THE COURT: You're waiving your right to subpoena any witnesses; cross-examine any witnesses or evidence at trial; is that correct?
>
> THE DEFENDANT: Yes, your Honor.
>
> THE COURT: Has anyone made any threats or promises to you, in order to encourage you to admit to this Complaint?
>
> THE DEFENDANT: No.

---

[2] Although the city asserts that the trial court was not required to give a verbatim recitation of Crim.R. 11(B)(1) in order to comply with Crim.R. 11(E), in its appellate brief, it does not identify any language used by the trial court during the plea colloquy that it contends constituted a "non-verbatim" explanation of the effect of a guilty plea under Crim.R. 11(B)(1).

THE COURT:  You understand, by admitting to this Complaint, you are subjecting yourself to a maximum fine of $750 and 90 days in jail, as a maximum.

You understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  After hearing and understanding your rights and possible penalties, how do you plead to attempted harassing telephone calls?

THE DEFENDANT:  No contest.

THE COURT:  No sir.  That was not the agreement.

THE DEFENDANT:  Okay.

THE COURT:  She announced the agreement.  The agreement said that if you pled guilty to the amended charge they will nolle the second charge.

THE DEFENDANT:  Guilty.  I'm sorry.

[DEFENSE COUNSEL]:  Your Honor, if I may.  I had told him to enter a no contest plea.

THE COURT:  That's okay.  I just want to make sure he understands the plea agreement by the State.

{¶ 13}  The city then proceeded to describe the alleged facts giving rise to the charges against Byers.  After hearing the city's recitation of the facts, and without any further discussion with Byers, the trial court stated, "Hearing the facts stated along with the guilty plea, you're found guilty."

{¶ 14}  Although Crim.R. 11(E) does not require the trial court to engage in a lengthy inquiry when a plea is accepted to a misdemeanor charge involving a petty offense, the rule does require that the trial court, either orally or in writing, inform

the defendant of the effect of the plea as set forth in Crim.R. 11(B). *Lakewood v. Hoctor*, 2023-Ohio-375, 208 N.E.3d 163, ¶ 8 (8th Dist.), citing *Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, at ¶ 51. The trial court need not recite the Crim.R. 11(B) language verbatim; however, this requirement is not met by statements advising the defendant of the maximum penalty or waiver of the defendant's constitutional rights. *Hoctor* at ¶ 6 (8th Dist.); *see also State v. Schuster*, 1st Dist. Hamilton Nos. C-220525, C-220526, and C-220649, 2023-Ohio-3038, ¶ 15 ("'a statement about the effect of a plea is separate from statements relating to a maximum penalty'"), quoting *Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, at ¶ 22; *State v. McClelland*, 2021-Ohio-3018, 176 N.E.3d 150, ¶ 41 (7th Dist.) (observing that the "key concept" under Crim.R. 11(B)(1) is that "the guilty plea constitutes an admission of guilt").

{¶ 15} In this case, the trial court advised Byers of certain constitutional rights he would be waiving and the maximum penalty he would face by "admitting to this Complaint," but it did not inform Byers that his guilty plea was a complete admission of guilt — using the language of Crim.R. 11(B)(1) or using any other words to that effect. There is nothing in the record to indicate that Byers signed a plea agreement or plea form that explained the effect of a guilty plea or that he was otherwise advised in writing of the effect of his guilty plea. Where there is a complete failure by the trial court to comply with Crim.R. 11(E) when accepting a plea to a petty misdemeanor, i.e., where the trial court fails "to make any mention of the Crim.R. 11(B) language," no prejudice analysis is necessary and the defendant's plea

must be vacated. *Martin*, 8th Dist. Cuyahoga No. 111495, 2023-Ohio-448, at ¶ 22-24, citing *Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, at ¶ 15, 17; *Hoctor* at ¶ 7-8; *Jackson*, 2d Dist. Champaign No. 2021-CA-44, 2022-Ohio-3662, at ¶ 12, 14; *State v. Clay*, 2d Dist. Miami No. 2021-CA-21, 2022-Ohio-631, ¶ 11; *State v. Veite*, 1st Dist. Hamilton No. C-90339, 2021-Ohio-290, ¶ 17.

{¶ 16} In *Jackson*, for example, the defendant pled guilty to falsification, a petty misdemeanor. *Jackson* at ¶ 3, 8. The defendant's plea form stated, "I understand the effect of a plea of (GUILTY) to the charge" and "I make this plea knowingly, voluntarily and intelligently and I understand the effect of my plea," but it did not detail the effect of a guilty plea, i.e., that a guilty plea is a complete admission of the defendant's guilt. *Id.* at ¶ 11. When the trial court inquired of the defendant, during the plea colloquy, "You understand the effects of the pleas available to you today, telling me today you wish to enter a guilty plea to this [f]alsification as a single count. Is that what you want to do?" The defendant responded affirmatively. *Id.* at ¶ 10. The Second District held that the trial court did not comply with Crim.R. 11(E) and that the defendant did not knowingly, intelligently, and voluntarily enter his guilty plea because the trial court had failed to inform the defendant of the effect of a guilty plea prior to accepting his plea. *Id.* at ¶ 12, 14, citing *Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, the court found a complete failure to comply with Crim.R. 11(E) — based on the trial court's failure to inform the defendant that a plea of guilty is a complete admission of guilt — even though the defendant had agreed, both orally and on his plea form,

that he understood the effect of his plea. *Id.* The court held that "[b]ecause the trial court completely failed to comply with Crim.R. 11(E), [the defendant] was not required to demonstrate that he was prejudiced by the trial court's error." *Id.*

{¶ 17} Here, the trial court likewise completely failed to comply with its obligation under Crim.R. 11(E). The trial court made no mention of admission of guilt during the plea colloquy. The trial court never explained to Byers, orally or in writing, that a guilty plea constitutes a complete admission of guilt, so that he could understand the consequences of his decision to enter a guilty plea. Further, the record reflects that, until the trial court informed Byers (at the end of the plea colloquy) that the plea agreement required that he enter a guilty plea, Byers had understood that he would be entering — and, in fact, following instructions he had received from his counsel, had attempted to enter — a no-contest plea, rather than a guilty plea.[3] There is nothing in the record showing that Byers was aware of and understood the consequences of his guilty plea such that his guilty plea was knowing, intelligent, and voluntary.

{¶ 18} Because the trial court failed to provide any explanation to Byers of the effect of his guilty plea, Byers's guilty plea was not knowingly, intelligently, and

---

[3] With respect to the effect of a no-contest plea, Crim.R. 11(B)(2) states: "The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding." No argument has been made that the trial court's reference to Byers "admitting to this Complaint" constituted an advisement of the effect of a guilty plea under Crim.R. 11(B)(1) and (E). Indeed, such a description appears more akin to the effect of a no-contest plea as set forth in Crim.R. 11(B)(2).

voluntarily made, and the trial court erred in accepting it. As such, his guilty plea must be vacated.

{¶ 19} We sustain Byers's first assignment of error. Based on our resolution of Byers's first assignment of error, his second assignment of error is moot.

{¶ 20} Judgment reversed; conviction vacated; remanded.

It is ordered that appellant recover from appellee the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

ANITA LASTER MAYS, ADMINISTRATIVE JUDGE

KATHLEEN ANN KEOUGH, P.J., and
MICHAEL JOHN RYAN, J., CONCUR