[Cite as *State v. O'Brien-Devilliers*, 2024-Ohio-1432.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2023-A-0058 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the County Court, Eastern District |
| SIOBHAN LYNN O'BRIEN-DEVILLIERS, | Trial Court No. 2023 CRB 00183 E |
| Defendant-Appellant. | |

# **O P I N I O N**

Decided: April 15, 2024
Judgment: Reversed and remanded

*Colleen M. O'Toole*, Ashtabula County Prosecutor, and *Mark Majer*, Assistant Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Jerri Mitchell*, P.O. Box 1126, Fairport Harbor, OH 44077 (For Defendant-Appellant).


MARY JANE TRAPP, J.

{¶1} Appellant, Siobhan Lynn O'Brien-Devilliers ("Ms. O'Brien-Devilliers"), appeals the judgment of the Ashtabula County Court, Eastern District, that sentenced her, after she pleaded guilty to misdemeanor assault and resisting arrest, to 180 days in jail, with 80 days suspended, and 90 days in jail, with 90 days suspended, respectively, to be served consecutively should she fail the terms of her probation.

{¶2} Ms. O'Brien-Devilliers raises three assignments of error, contending (1) the state and the court did not honor the terms of the plea agreement by not recommending and sentencing her to a term of jail instead of community control, (2) the trial court committed reversible error by accepting her guilty pleas because they were not voluntarily

or knowingly made, and (3) her constitutional rights to due process under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 and 16 of the Ohio Constitution were prejudiced by ineffective assistance of counsel.

{¶3} After a careful review of the record and pertinent law, we find Ms. O'Brien-Devilliers' second assignment of error has merit since the trial court failed to comply with Crim.R. 11(E) by neglecting to inform her of the effect of her guilty pleas. Because the trial court failed completely, the defendant need not demonstrate prejudice, and Ms. O'Brien-Devilliers' guilty pleas are vacated.

{¶4} Our disposition of Ms. O'Brien-Devilliers' second assignment renders her first and third assignments of error moot. Thus, we decline to address them.

{¶5} Accordingly, the judgment of the Ashtabula County Court, Eastern District is reversed, Ms. O'Brien-Devilliers' plea is vacated, and this matter is remanded to the point of error, i.e., the plea hearing, for further proceedings in accordance with this opinion.

### Substantive and Procedural History

{¶6} On July 5, 2023, a complaint was filed against Ms. O'Brien-Devilliers charging her with assault, a first-degree misdemeanor, in violation of R.C. 2903.13(A) and (C); assault of a peace officer, a fourth-degree felony, in violation of R.C. 2903.13(A) and (C)(5); and resisting arrest, a second-degree misdemeanor, in violation of R.C. 2921.33(A) and (D).

{¶7} At the arraignment on July 6, 2023, Ms. O'Brien-Devilliers entered a not guilty plea to each of the charges. She also signed a "Statement of Rights and Responsibilities" that confirmed she had been informed of the nature of the charges against her and her rights, including the effect of a guilty, no contest, or not guilty plea.

2

{¶8} A preliminary hearing was held on July 17, 2023, at which the prosecutor informed the court she offered Ms. O'Brien-Devilliers a plea deal to plead guilty to the misdemeanor charges of assault and resisting arrest. In exchange, the felony assault charge would be dismissed. The victim peace officer was present and approved of the plea deal, citing a concern for Ms. O'Brien-Devilliers' mental health. Defense counsel, however, informed her that Ms. O'Brien-Devilliers was not competent to accept a plea.

{¶9} The court directly inquired to Ms. O'Brien-Devilliers if she understood what the prosecutor said. Ms. O'Brien-Devilliers confirmed she understood, which included, in relevant part, the following exchange with defense counsel:

{¶10} "[The Court]: Well, no. Then I want you to - - if you're telling me that you understand, we can go forward. If you're telling me that you don't understand, we won't go forward.

{¶11} "[Ms. O'Brien-Devilliers]: What part am I not understanding? That I'd probably plead guilty to the misdemeanor assault and the resisting arrest, and they'd drop the felony assault.

{¶12} "[Defense Counsel]: Right. Okay. When I conveyed that to you, your response to me first, you didn't look at me.

{¶13} "[Ms. O'Brien-Devilliers]: I'm sorry. I thought (unintelligible) eye contact.

{¶14} "[Defense Counsel]: And you - - you asked about something that didn't make any sense to me, so your response to me (unintelligible) that you - - that I should be concerned that you weren't sure where you were or what legal rights you were giving up. But do you - - do you understand - -

Case No. 2023-A-0058

{¶15} "[Ms. O'Brien-Devilliers]: I don't understand what I am giving up, legal rights that I am giving up. I'm simply preventing us from moving forward with a felony trial. Is that not accurate?

{¶16} "[Defense Counsel]: That is accurate. There would be no trial on anything.

{¶17} * * *

{¶18} "[Defense Counsel]: Do you want to accept the plea offer from the State?

{¶19} "[Ms. O'Brien-Devilliers]: That's what I said when you walked away. Yes, absolutely.

{¶20} "[Defense Counsel]: All right.

{¶21} "[Ms. O'Brien-Devilliers]: Instead of taking it to trial, where I was advised that the Judge would throw me back in jail if I didn't take this offer, so I'd rather not go to jail.

{¶22} "[Defense Counsel]: It's a risk. It is a risk. It's not a guarantee.

{¶23} "[Ms. O'Brien-Devilliers]: I - - I got a few kids that I got to take care of, and I've got medications they will not allow me to have in jail.

{¶24} "[Defense Counsel]: Okay. And you want to move forward with the offer?

{¶25} "[Ms. O'Brien-Devilliers]: Well, that's the only way to stay out of jail. So, if I'm not clearly understanding this, sir, I would appreciate - -"

{¶26} The court interjected and explained that the guilty plea would be entered, a presentence investigation ("PSI") would be ordered, and the matter would proceed to sentencing. The court further informed Ms. O'Brien-Devilliers that "there's never a guarantee that you don't go to jail, but."

{¶27} The prosecutor informed the court that in her discussions with the victim, the focus was on Ms. O'Brien-Devilliers' mental health and "state medication compliance

4

issues"; therefore, the state's recommendation, barring anything in the PSI would be community control sanctions.

{¶28} The court told Ms. O'Brien-Devilliers that she still had to "go through the process after the plea of going and talking to the probation officer" and not "get into trouble" before the sentencing hearing.

{¶29} The prosecutor reviewed the plea agreement for the court, and the court proceeded with the plea hearing:

{¶30} "[The Court]: Okay. Let's begin. In Case Number 23 CR B 183, to the misdemeanor charge of resisting arrest, how do you plead, Ms. O'Brien-Devilliers?

{¶31} "[Ms. O'Brien-Devilliers]: Guilty.

{¶32} "[The Court]: And to the charge, second count of misdemeanor assault, how do you plead?

{¶33} "[Ms. O'Brien-Devilliers]: Guilty.

{¶34} "[The Court]: I find the Defendant's made knowing, intelligent and voluntary pleas of guilty to those two charges, with the aid of her attorney, and I find her guilty of the same. Pursuant to the agreement between the State and the defense, the felony case is dismissed in its entirety."

{¶35} The case proceeded to a sentencing hearing on September 13, 2023. The state, via a different prosecutor, recommended a jail sentence of 180 days with 90 days suspended and for Ms. O'Brien-Devilliers to remain compliant with her medical/psychological treatment.

{¶36} Defense counsel advocated for a suspended sentence, reviewing that the PSI detailed Ms. O'Brien-Devilliers' psychiatric history and conditions and that she was

5

not getting adequate treatment at the time of the incident but has since been compliant in her treatment and cooperative with counsel.

{¶37} The court read the allegations surrounding the incident onto the record. To summarize, the incident took place on July 4, 2023, at the Holiday Campgrounds in Ashtabula County, Ohio. Ms. O'Brien-Devilliers was in an altercation with a friend's son. After attempting to stop the altercation, security called the Ashtabula County Sheriff's Office. When the deputy arrived on the scene, Ms. O'Brien-Devilliers charged him, screaming that he was trespassing. He announced he was a deputy, but she continued to grab him, attempting to reach his duty belt (where his firearm is kept). The deputy repeatedly told her to stop and eventually forced her to the ground. This caused Ms. O'Brien-Devilliers to become more agitated, and she cycled between screaming that she was being raped and that the deputy was crushing her throat and chest. The deputy was only able to handcuff one of her hands. Ms. O'Brien-Devilliers continued to resist arrest and attempted to grab his duty belt again. He secured her to the ground by mounting her and waited for another deputy to arrive before proceeding. After she was fully handcuffed, Ms. O'Brien-Devilliers continued to resist arrest by shouting obscenities and threats and refusing to obey orders. Her parents informed the deputies of her mental health issues, and her friend advised she was intoxicated and not taking her medications.

{¶38} The PSI further revealed Ms. O'Brien-Devilliers has been in counseling for 29 years. Ms. O'Brien-Devilliers stated to the probation officer that she is not aware of what crime she was suspected of committing that would cause law enforcement to enter her property, that she pleaded guilty as instructed by the public defender, that the officer attacked her and did not announce he was an officer, and that she was tackled and

6

Case No. 2023-A-0058

restrained by him while in a psychosis. She further stated she was not escorted for an evaluation but was left in jail without her medication while in a state of psychosis.

{¶39} The court found that Ms. O'Brien-Devilliers showed no remorse and that a jail sentence was appropriate. The court sentenced her to a 90-day jail sentence, with 90 days suspended, on the count of resisting arrest and a consecutive 180-day jail sentence, with 80 days suspended, on the count of assault. The court further sentenced her to five years of probation, the terms of which included following her medical treatment plan.

{¶40} Ms. O'Brien-Devilliers raises three assignments of error for our review:

{¶41} "[1.] The State and Court did not honor the terms of the plea agreement by recommending, and instituting, a term of incarceration and not recommending community control sanction[s] as agreed.

{¶42} "[2.] The Trial Court committed reversible error in accepting Appellant-Defendant's guilty plea as it was not knowingly or voluntarily entered.

{¶43} "[3.] Defendant-Appellant's Constitutional rights to Due Process under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 and 16 of the Ohio Constitution were prejudiced by the ineffective assistance of counsel."

{¶44} We address Ms. O'Brien-Devilliers' second assignment of error first since it is dispositive of her appeal.

## Crim.R. 11(E)

{¶45} In her second assignment of error, Ms. O'Brien-Devilliers contends the trial court committed reversible error by accepting her guilty pleas when they were not knowingly or voluntarily entered. More specifically, she contends the trial court failed to notify her of her Crim.R. 5, 10, and 11 rights, including her rights against self-incrimination,

7

to a jury trial, to confront one's accusers, to compulsory process, and the state's burden of proof.

{¶46} This court reviews de novo whether the trial court accepted a plea in compliance with Crim.R. 11. *State v. Mallory*, 11th Dist. Trumbull No. 2020-T-0070, 2021-Ohio-1542, ¶ 27.

{¶47} The questions to be answered are: "(1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?" *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, ¶ 17.

{¶48} "A trial court's obligations in accepting a plea depend upon the level of offense to which the defendant is pleading." *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, ¶ 6.

{¶49} The Supreme Court of Ohio has held that before accepting a guilty or no contest plea to a *petty offense* (which involves potential incarceration of up to six months per Crim.R. 2(D)), the court is only required to inform the defendant of the *effect* of the plea being entered. *Jones* at ¶ 20; Crim.R. 11(E). "Whether orally or in writing, a trial court must inform the defendant of the appropriate language under Crim.R. 11(B) before accepting a plea." *Jones* at ¶ 51. In this case, the trial court was required to inform Ms. O'Brien-Devilliers that "[t]he plea of guilty is a complete admission of [her] guilt." Crim.R. 11(B)(1).

{¶50} Where there is a complete failure by the trial court to comply with Crim.R. 11(E) when accepting a plea to a petty misdemeanor, i.e., where the trial court fails to make any mention of the Crim.R. 11(B) language, no prejudice analysis is necessary,

8

and the defendant's plea must be vacated. *Cleveland v. Byers*, 8th Dist. Cuyahoga No. 112682, 2023-Ohio-4542, ¶ 15; *Cleveland v. Martin*, 8th Dist. Cuyahoga No. 111495, 2023-Ohio-448, ¶ 22-24; *Lakewood v. Hoctor*, 2023-Ohio-375, 208 N.E.3d 163, ¶ 7-8 (8th Dist.); *State v. Jackson*, 2d Dist. Champaign No. 2021-CA-44, 2022-Ohio-3662, ¶ 12, 14; *State v. Clay*, 2d Dist. Miami No. 2021-CA-21, 2022-Ohio-631, ¶ 11; *State v. Veite*, 1st Dist. Hamilton No. C-190339, 2021-Ohio-290, ¶ 17.

**{¶51}** At the outset, we note that a trial court is not required to inform a defendant of his or her constitutional rights in petty misdemeanor cases. *See* Crim.R. 11(E). Thus, there is no requirement to inform a defendant of his or her rights against self-incrimination, to a jury trial, to confront one's accusers, to compulsory process, and the state's burden of proof.

**{¶52}** As our review of the facts reveal, the trial court completely failed to make any mention of the Crim.R.11(B) language, i.e., that the effect of Ms. O'Brien-Devilliers' guilty pleas was a complete admission of her guilt. Ms. O'Brien-Devilliers expressed confusion as to what rights she was waiving, and she was solely concerned with avoiding jail time.

**{¶53}** Ms. O'Brien-Devilliers did sign an acknowledgement of her rights and responsibilities that explained the effect of pleading guilty, no contest, and/or not guilty at her arraignment. This occurred, however, several weeks prior to the preliminary hearing at which she pleaded guilty and under trying circumstances, having been in jail unmedicated since her arrest on the day of the incident. Further, it was not a written plea form signed on the day of the plea hearing.

**{¶54}** In addition, the state concedes the trial court's error.

9

{¶55} Because the trial court failed to comply with Crim.R. 11(E) by omitting any mention of the language of Crim.R. 11(B)(1) regarding the effect of Ms. O'Brien-Devilliers' guilty pleas, her guilty pleas to misdemeanor assault and resisting arrest must be vacated.

{¶56} Ms. O'Brien-Devilliers' second assignment of error is sustained.

{¶57} Our disposition of Ms. O'Brien-Devilliers' second assignment of error renders her remaining assignments of error moot, and we decline to address them. *See* App.R. 12(A)(1)(c).

{¶58} Accordingly, the judgment of the Ashtabula County Court, Eastern District is reversed, Ms. O'Brien-Devilliers' guilty pleas are vacated, and this matter is remanded to the point of error, i.e., the plea hearing, for further proceedings in accordance with this opinion.

EUGENE A. LUCCI, P.J.,

MATT LYNCH, J.,

concur.